ADAM WANG (STATE BAR NUMBER 201233)
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel: (408) 292-1040
Fax: (408) 286-6619

Attorney for Plaintiffs
Leonardo Espinoza and Sergio Roque

**Filed**

MAR 19 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

FOR NORTHERN OF NORTHERN CALIFORNIA

LEONARDO ESPINOZA, and SERGIO
ROQUE, individually and on behalf of others similarly
situated,

        Plaintiffs,

    vs.

C & C SECURITY PATROL, INC., FRANK
RUSSOW, HERMENEGILDO COUGH, and
DOES 1-10

        Defendants

Case No. **C08 01522 HRL**

**CLASS ACTION COMPLAINT AND
DEMAND FOR JURY TRIAL:**
1). Violation of California Labor Code §1194;
2). Violations of The Fair Labor Standards Act
(Non-payment of overtime); 3). Violation of
Labor Code §226.7; 4). "Waiting Time"
Penalties under California Labor Code §203;
and 5). For Restitution of Unpaid Wages in
Violation of California Unfair Trade Practices
Act under Business and Professions Code §
17203

    Plaintiffs, Leonardo Espinoza ("ESPINOZA) and Sergio Roque ("ROQUE"), on their

own behalf and on behalf of others similarly situated, allege as follows:

**NATURE OF CLAIM**

    1.    This is a class action on behalf of putative members who had been employed on

hourly rate basis by Defendants C & C Security Patrol, Inc., Frank Russow, Hermenegildo

Cough, and Does 1-10 (collectively "C & C Security Patrol") during the last four years of the

filing of this Complaint, seeking damages arising out of their employer's failure to pay overtime

as required by the Fair Labor Standards Act ("FLSA") and the California Wage Orders and

statutes. On their own behalf and on behalf of other similarly situated others who fall with the

relevant statutory periods, Plaintiffs seek compensatory damages for unpaid wages under

1

Case No.

California Labor Code and Wage Orders, liquidated damages under 29 U.S.C. §216(b), damages under California Labor Code §226.7 for failure to provide meal and rest periods, waiting time penalties under California Labor Code § 203, and attorney's fees, costs, pre judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b), and restitution under California Unfair Trade Practices Act under California Business and Professions Code § 17203.

2.    Plaintiffs bring this collective action on behalf of themselves and other security guards pursuant to 29 U.S.C. §216(b) with respect to unpaid overtime and liquidated damages arising under Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*

## PARTIES

3.    During the last four years, Plaintiffs were or are employed with Defendant C & C Security Patrol Inc. as security guards.

4.    C & C Security Patrol, Inc., is a licensed business authorized to conduct business in the state of California, with its primary lace of business in Union City, California.   C & C Security Patrol, Inc. is engaged in the business of providing security services to various businesses throughout the San Francisco Bay Area.

5.    The individual Defendants Frank Russow, Hermenegildo Cough, and Does 1 to 10, inclusive, according to information and belief, are the owners and officers or mangers of C & C Security Patrol, Inc., having control over the work conditions and situation of Plaintiffs and other employees of C & C Security Patrol, Inc.

## PLAINTIFFSS' CLASS ACTION ALLEGATIONS

6.    Plaintiffs bring this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of all those who had been employed as security guards on hourly basis by Defendants with respect to the claims alleged herein arising under California Labor Code, and California Business and Professions Code §17200, *et. seq.*

7.    Plaintiffs also bring this action on behalf of such class members pursuant to 29 U.S.C. §216(b) with respect to unpaid overtime and liquidated damages arising under Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*

2                    Case No.

8.     The members of the purported class or subclass are so numerous that joinder of all members is impracticable. According to information and believe, Defendant C & C Security Patrol Inc. had employed a large size of piece rate workforce.  While the exact number of class or subclass members is unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs believe that there are at least 30 or more members in the proposed class. Members of the class or subclass may be identified from payroll and time records maintained by C & C Security Patrol Inc., and may be notified of the pendancy of this action by mail, or other appropriate media, using the notice similar to that customarily used in the wage and hours class actions.

9.     Plaintiffs' claims are typical of the claims of the members of the class and subclass as all members of the class and subclass are similarly affected by defendants' wrongful conduct in violation of federal and state laws governing labor standards that is complained of herein .

10.     Plaintiffs will fairly and adequately protect the interests of the members of the class and subclass and have retained counsel competent and experienced in wage and hour litigation.

11.     Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting individual members of the class. Among the questions of law and fact common to the class and subclass are:

(a) whether the federal and state wage hours laws were violated by defendants' acts as alleged herein;

(b) whether defendants have  properly paid all putative class members for the hours that were worked in excess of 8 hours a day or 40 hours a week;

(c) whether the Defendants are liable for failure to pay the subclass members whose employment terminated during the last three years the overtime ages owed ascertainable at the time of termination of their employment;

(d)  to what extent the members of the class and subclass have sustained damages and the

proper measure of damages.

12.  A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual class and subclass members may be relatively small, the expense and burden of individual litigation make it impossible for members of the class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

### SUBJECT MATTER JURISDICTION AND VENUE

13.  Subject matter jurisdiction of this action of this Court is based upon Fair Labor Standards Act, 29 U.S.C. §§201 *et. seq.* and the pendant jurisdiction of this Court.

14.  This Court is a proper venue, since all events giving rise to the claims of the named plaintiffs and the putative class members occurred in this district.

### SUBSTANTIVE ALLEGATIONS

15.  Plaintiffs were employed as security guards on hourly rates by Defendants for some period during the last four years.

16.  During the last four years, Plaintiffs and other hourly security guards worked over 8 hours a day and forty fours a week from time to time on a regular basis.

17.  Plaintiffs and other hourly security guards were not subject to any exemptions from overtime pursuant to the Fair Labor Standards Act and California Labor Code.

18.  Within 72 hours of termination of Plaintiffs and other hourly security guards, Defendants willfully failed to pay them wages owed, the amount of which was readily ascertainable at the time of termination.

### COUNT ONE

*Violation of California Labor Code, Non Payment of Overtime*

*Labor Code Sections §510*

19.  Plaintiffs re-allege and incorporate the allegations of paragraphs 1-18 as if fully

4                                              Case No.

1    stated herein.

2        20.  During last four years, Plaintiffs' and other hourly security guards employment

3    was subject to California Labor Code Sections 1194 and 510, and the applicable Wage Orders

4    promulgated by the California Industrial Welfare Commission pursuant to Labor Code Section

5    1173, which required all employees to be paid overtime for work performed in excess of forty

6    hours per week or eight hours per day, unless specifically exempted by the law.

7        21.  At all times relevant herein, Plaintiffs and other hourly security guards regularly

8    worked in excess of forty hours per week and in excess of eight hours per day. Plaintiffs and

9    other hourly security guards received only straight time, or at some times nothing at all, from

    Defendants for these overtime hours.

10       22.  During last four years, Defendants knowingly caused, suffered and permitted

11   Plaintiffs and other hourly security guards to regularly work in excess of forty hours per week

12   and eight hours per day without paying them one and one half or double of their regular rate of

13   pay.

14       23.  By not paying overtime wages in compliance with the state law, Defendants

15   violated Plaintiffs' and other hourly security guards rights under the law, specifically California

16   Labor Code Section 1194.

17       24.  As a direct and proximate result of Defendants' failure to pay proper wages

18   under the California Wage Orders, Plaintiffs and other hourly security guards incurred general

19   damages in the form of lost overtime compensation in amounts to be proven at trial.

20       25.  Defendants had been aware of the existence and requirements of the California

21   Labor Code Sections 510 and 1194 and the Wage Orders, and willfully, knowingly and

22   intentionally failed to pay Plaintiffs and other hourly security guards the overtime compensation

23   due to them at the time their employment ended.

24       26.  Plaintiffs were required to retain attorneys for the purpose of bringing this action

25   and are entitled to an award of attorney's fees and pre-judgment interest pursuant to California

    Labor Code Section 1194(a).

5                                              Case No.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## COUNT TWO

*Violation of the Fair Labor Standards Act*

*29 U.S.C.§201, et seq.*

27.   Plaintiffs re-allege and incorporate the allegations of paragraphs 1-26 as if fully stated herein.

28.   At all relevant times herein, Plaintiffs and other hourly security guards' employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. Section 201, *et seq.*

29.   29 U.S.C. § 207 requires all employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by the law.

30.   Although Plaintiffs and other hourly security guards were not so exempt during their employment with Defendants, and although Defendants had been fully aware of both the hours worked and the duties assigned to the Plaintiffs and other hourly security guards, Defendants knowingly caused, suffered, and permitted Plaintiffs and other hourly security guards to regularly work in excess of forty hours per week without paying them one and one half of their regular rate of pay.

31.   By not paying overtime wages in compliance with FLSA, Defendants violated the right of Plaintiffs and other hourly security guards under FLSA.

32.   As a direct and proximate result of Defendants' failure to pay proper wages under the FLSA, Plaintiff and other hourly security guards incurred general damages in the form of lost overtime wages.

33.   Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs and other hourly security guards, their proper pay, and thus Defendants are liable to Plaintiffs and other hourly security guards for liquidated damages in an amount equal to their lost overtime wages pursuant to 29 U.S.C. § 216(b).

34.   Plaintiffs were required to retain attorneys for bringing this action and is entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## COUNT THREE

*Failure to Provide Meal Periods*

*California Labor Code § 226.7*

35.   Plaintiffs re-allege and incorporate the allegations set forth in paragraphs 1-34 as if fully restated hereinafter.

36.   At all relevant times herein, Plaintiffs' and other hourly security guards' employment with Defendants was subject to the provisions of California Labor Code § 226.7, which requires the employer to provide employees a thirty-minute meal break for every five hours worked, unless expressly exempted.

37.   At all times relevant herein, Plaintiffs and other hourly security guards worked at least 5 hours a day, and were not provided meal period as required by law.

38.   For each time that Plaintiffs and other hourly security guards were not provided the required meal period, Plaintiffs and other hourly security guards are entitled to recover one additional hour of pay at each employee's regular rate of compensation pursuant to California Labor Code section 226.7.

39.   Plaintiffs and other hourly security guards are therefore entitled to payment, in an amount to be proved at trial for additional pay for each meal period that Defendants failed to provide.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

7                              Case No.

## COUNT FOUR

*Penalty for Failure to Pay Wages at Termination*

*California Labor Code Sec. 203*

40.   Plaintiffs re-allege and incorporate the allegations of paragraphs 1-39 as if fully stated herein.

41.   Within 72 hours of the termination of Plaintiffs and other hourly security guards, Defendants failed to pay them the wages owed ascertainable at the time of termination.

42.   Failure to pay proper wages at an employee's termination as required by Labor Code §201 subjects the employer to penalties provided for in Labor Code Section 203, up to 30 days of wages.

43.   As of this date these wages have not been paid to Plaintiffs and other hourly security guards, thus making Defendants liable to Plaintiffs and other hourly security guards for penalties equal to 30 days wages in amounts to be proven at trial.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## COUNT FIVE

*For Restitution of Unpaid Overtime Wages
in Violation of California's Unfair Trade Practices Act*

*Business and Profession Code § 17203*

44.   Plaintiffs re-allege and  incorporate the  allegations  of paragraphs 1-36 as if fully stated herein.

45.   At all times relevant herein, Plaintiffs' and other hourly security guards' employment with Defendants was subject to California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission as well as FLSA, all of which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day unless specifically exempted by the law.   California law also requires premium pay for missed meal periods.

46.   During last four years, Defendants were subject to the California Unfair Trade

8

Case No.

1  Practices Act (California Business and Professions Code Section §17000 *et seq.*), but failed to

2  pay the Plaintiffs and other hourly security guards overtime pay and premium pay for missed

3  meal periods as required by FLSA, California Labor Code and applicable Wage Orders.

4      47. During the last four years, Defendants kept to themselves the unpaid overtime

5  and meal period premiums which should have been paid to the Plaintiffs and other hourly

6  security guards.

7      48. By doing so, Defendants violated California Unfair Trade Practices Act,

8  Business and Professions Code §17200, *et seq.* by committing acts prohibited by applicable

9  California Wage Orders as well as FLSA, and thus giving them a competitive advantage over

10  other employers and businesses with whom Defendants were in competition and who were in

  compliance with the law.

11      49. As a direct and proximate result of Defendants' violations, the rights of the

12  Plaintiffs and other hourly security guards under the law were violated, causing them to incur

13  general damages in the form of unpaid wages and lost wages to which they were legally entitled.

14      50. The Defendants had been aware of the existence and requirements of the Unfair

15  Trade Practices Act and the requirements of state and federal wage and hour laws, but willfully,

16  knowingly, and intentionally failed to pay Plaintiffs and other hourly security guards overtime

17  pay and missed meal premiums due.

18      51. Having been illegally deprived of the overtime pay and other wages to which

19  they were legally entitled, Plaintiffs and other hourly security guards herein seek restitution of

20  such wages pursuant to the Business and Professions Code §17203.

  WHEREFORE, Plaintiffs pray for judgment as set forth below.

21

22  **PRAYER FOR RELIEF**

  WHEREFORE, the Plaintiffs pray for judgment against the Defendants and demand as

23  follows:

24

25      1. Award compensatory damages for unpaid overtime in amounts to be proven at

  trial to Plaintiffs and other hourly security guards;

2.    Award liquidated damages equal to the overtime pay owed to Plaintiffs and other hourly security guards;

3.    Award to Plaintiffs and other hourly security guards the meal period premium owed during last four years;

4.    Award to Plaintiffs and other hourly security guards the pre-judgment interest of 10% on the unpaid overtime compensation and unpaid meal period premium pursuant to California Labor Code §§ 1194(a) & 218.6.

5.    Award the Plaintiffs and other hourly security guards the waiting time penalty damages of thirty days wages pursuant to California Labor Code Section 203 in amounts to be proven at trial;

6.    Award Plaintiffs and other hourly security guards the restitution of unpaid overtime pay and other wages pursuant to California Business and Professions Code §17203 in amounts to be proven at trial;

7.    Enter a permanent injuctive order against Defendants ensuring the compliance with the FLSA and California Labor Code and wage orders;

8.    For reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;

9.    Award Plaintiffs the costs of suit herein.

10.    Grant such other and further relief as the Court may deem appropriate.


Dated: March 19, 2008

By:    /s/ ADAM WANG
Attorney for Plaintiffs

Case No.

CLASS ACTION COMPLAINT
Espinoza, et al  v. C & C Security Patrol, Inc.., et al.