1   Mark A. Hagopian, Esq., SBN 124819
    mhagopian@mmker.com
2   Sejal Ojha, Esq., SBN 226778
    sxo@mmker.com
3   **MANNING & MARDER**
    **KASS, ELLROD, RAMIREZ LLP**
4   One California Street, Suite 1100
    San Francisco, CA 94111
5   Telephone:    (415) 217-6990
    Facsimile:    (415) 217-6999
6
    Attorneys for Defendants
7   C & C SECURITY PATROL, INC.,
    HERMENGILDO COUOH (sued as "HERMENEGILDO COUGH"),
8   MARCEL LOPEZ and GILBERT MARTINEZ

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11  LEONARDO ESPINOZA and SERGIO          )   Case No.: C08 01522 JW
    ROQUE, individually and on behalf of others )
12  similarly situated,                    )   **ANSWER OF DEFENDANTS**
                                           )   **HERMENGILDO COUOH (SUED**
13                      Plaintiffs         )   **HEREIN AS HERMENEGILDO**
                                           )   **COUGH), MARCEL LOPEZ AND**
14         v.                              )   **GILBERT MARTINEZ TO FIRST**
                                           )   **AMENDED COMPLAINT;**
15  C & C SECURITY PATROL, INC.,           )   **DEMAND FOR JURY TRIAL**
    HERMENEGILDO COUGH, MARCEL LOPEZ,      )
16  GILBERT MARTINEZ, and DOES 1-10,       )
                                           )
17                      Defendants.        )
    _____)

18          COME NOW DEFENDANTS HERMENGILDO COUOH (sued as "HERMENEGILDO

19  COUGH"), MARCEL LOPEZ and GILBERT MARTINEZ ("Defendants") answer the First

20  Amended Complaint ("Complaint") on file herein, as follows:

21          Defendants deny each and every allegation contained in the Complaint except those

22  expressly admitted below.

23          Defendants admit this Court has jurisdiction based on a federal question.

24          Answering paragraph 4, Defendants lack sufficient information and belief to admit or deny

25  the allegations contained in paragraph 4, and based upon said lack of information or belief, deny

26  each and every allegation contained therein.

27          Defendants admit that the principal place of business for C&C SECURITY PATROL, INC.

28  is Union City, California.

                                      -1-

1         Defendants admit that C&C SECURITY PATROL, INC. is in the business of providing

2    security services to various San Francisco Bay Area businesses.

3         Defendants admit HERMENGILDO COUOH is an owner and officer of Defendant C&C

4    SECURITY PATROL, INC.

5         AS AND FOR A FURTHER SEPARATE AND AFFIRMATIVE DEFENSE to the

6    Complaint, these answering Defendants allege that said Complaint does not state facts sufficient to

7    constitute a claim against these answering Defendants.

8         AS AND FOR A SECOND SEPARATE AND AFFIRMATIVE DEFENSE to the

9    Complaint, these answering Defendants allege that the Plaintiffs' claims are barred by the doctrine

10   of laches.

11        AS AND FOR A THIRD SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint,

12   these answering Defendants allege that Plaintiffs are estopped from asserting any claims against

13   these answering Defendants.

14        AS AND FOR A FOURTH SEPARATE AND AFFIRMATIVE DEFENSE to the

15   Complaint, these answering Defendants allege that the Plaintiffs' claims are barred by the statute of

16   limitations.

17        AS AND FOR A FIFTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint,

18   these answering Defendants allege that the Plaintiffs' claims are barred by the statute of frauds.

19        AS AND FOR A SIXTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint,

20   these answering Defendants allege that the Plaintiffs have waived any claims against these

21   answering Defendants.

22        AS AND FOR A SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE to the

23   Complaint, these answering Defendants allege that the Plaintiffs lack capacity to sue for injunctive

24   relief.

25        AS AND FOR AN EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE to the

26   Complaint, these answering Defendants allege that Plaintiffs fit within one or more exemptions

27   within the Fair Labor Standards Act.

28

-2-

1      AS AND FOR A NINTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint,

2   these answering Defendants allege that Plaintiffs failed to exhaust their administrative remedies

3   before filing this action.

4      AS AND FOR A TENTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint,

5   these answering Defendants allege that the Plaintiffs' injuries and damages, if any, were proximately

6   caused by or contributed to by the negligent or intentional acts or omissions or fault of persons,

7   entities or parties other than these answering Defendants; that if these answering Defendants are

8   held liable for damages to Plaintiffs herein, these answering Defendants are entitled to contribution

9   from or indemnification by said other persons, entities or parties on a comparative negligence or

10  fault basis and/or to a limitation of its liability.

11     AS AND FOR AN ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE to the

12  Complaint, these answering Defendants allege that at all times and places mentioned in the

13  Complaint, Plaintiffs failed to mitigate the amount of their damages.  The damages claimed by the

14  Plaintiffs could have been mitigated by due diligence on their part or by one acting under similar

15  circumstances.  The Plaintiffs' failure to mitigate is a bar to their recovery under the Complaint.

16     AS AND FOR A TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE to the

17  Complaint, these answering Defendants allege that at all times mentioned in the Complaint,

18  Defendants acted toward Plaintiffs in good faith and without ulterior reason.

19     AS AND FOR A THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE to the

20  Complaint, these answering Defendants allege that at all times mentioned in the Complaint,

21  Plaintiffs' employment by Defendants was at will.

22     AS AND FOR A FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE to the

23  Complaint, these answering Defendants allege that Plaintiffs consented to Defendants's conduct.

24     AS AND FOR A FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE to the

25  Complaint, these answering Defendants allege that the Plaintiffs' causes of action are barred by the

26  doctrine of unclean hands.

27     AS AND FOR AN SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE to the

28  Complaint, these answering Defendants allege that the Plaintiffs have failed  to mitigate damages, if

-3-

1  any, which Plaintiffs have sustained, and to exercise reasonable care to avoid the consequences of

2  harms, if any, in that, among other things, Plaintiffs failed to use reasonable means to prevent

3  aggravation of any injury and failed to take reasonable precautions to reduce any injury and

4  damages.

5        AS AND FOR A SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE to the

6  Complaint, these answering Defendants allege that at all times mentioned in the Complaint,

7  Defendants' practices as alleged in the Complaint are not unlawful in that Defendants complied with

8  all applicable statutes and regulations.

9        AS AND FOR A EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE to the

10  Complaint, these answering Defendants allege that at all times mentioned in the Complaint,

11  Defendants' business practices as alleged in the Complaint are not unfair within the meaning of

12  Business and Professions Code section 17200.  The utility of the practices alleged outweigh any

13  potential harm.

14        AS AND FOR A NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE to the

15  Complaint, these answering Defendants allege Plaintiffs' causes of action, and the claim for

16  injunctive relief and restitution are barred in light of the fact that Plaintiffs and the class members

17  have an adequate remedy at law.

18        AS AND FOR A TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE to the

19  Complaint, these answering Defendants allege that at all times and places mentioned in the

20  Complaint, Plaintiffs have failed to meet the prerequisite conditions for a class action, including, but

21  not limited to the fact that the class is not so numerous that joinder of all members individually

22  would be impractical; there are not common questions of law or fact, to the class; the named

23  plaintiffs representing the class do not have claims that are typical of the class generally; and the

24  named Plaintiffs, representing the class, cannot fairly and adequately protect the interests of all

25  members of the alleged class.

26  / / / / /

27  / / / / /

28  / / / / /

-4-

1    AS AND FOR A TWENTIETH-FIRST SEPARATE AND AFFIRMATIVE DEFENSE to

2    the Complaint, these answering Defendants allege that at all times mentioned in the Complaint,

3    Defendants have a good faith basis or belief in the appropriateness of its conduct and/or a good faith

4    dispute existed over how much was owed or paid to the Plaintiffs.

5    AS AND FOR A TWENTIETH-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

6    to the Complaint, these answering Defendants allege that at all times mentioned in the Complaint,

7    Plaintiffs lack standing to pursue recovery under Labor Code section 2699, to the extent Plaintiffs or

8    members of the class purport to represent have no ownership interest in the cause of action owned

9    by others and/or no right to transfer such cause of action to a third party.

10    WHEREFORE, these answering Defendants prays follows:

11    1.    That Plaintiffs take nothing by way of their Complaint herein, and that judgment be

12        rendered in favor of Defendants;

13    2.    That Defendants be awarded their costs of suit incurred in defense of this action;

14    3.    That Defendants be awarded attorney's fees pursuant to Labor Code Section 218.5;

15        and

16    4.    For such other and further relief as the Court deems proper.

17    Dated: September ___, 2008                Respectfully submitted,

18                                            MANNING & MARDER
                                              KASS, ELLROD, RAMIREZ LLP
19

20                                            By: _____

21                                            MARK A. HAGOPIAN
                                              Attorneys for Defendants
22
                                              C & C SECURITY PATROL, INC.,
23                                            HERMENGILDO COUOH (sued as
                                              "HERMENEGILDO COUGH"),
24                                            MARCEL LOPEZ and GILBERT
                                              MARTINEZ
25

26

27

28

-5-

## DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: September 8, 2008

Respectfully submitted,

**MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP**

By: _____

MARK A. HAGOPIAN
Attorneys for Defendants

C & C SECURITY PATROL, INC.,
HERMENGILDO COUOH (sued as
"HERMENEGILDO COUGH"),
MARCEL LOPEZ and GILBERT
MARTINEZ

-6-