IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Leonardo Espinoza, et al., | NO. C 08-01522 JW |
| Plaintiff, | **ORDER GRANTING DEFENDANT C&C SECURITY PATROL, INC.'S MOTION FOR LEAVE TO FILE ANSWER** |
| v. | |
| C & C Security Patrol, Inc., et al., | |
| Defendants. | |

Presently before the Court is Defendant C&C Security Patrol, Inc.'s ("C&C") Motion for Leave to File Answer. (Docket Item No. 16.) C&C moves for leave to file an Answer after it has revived its corporate status.[1]

Under Cal. Rev. & Tax. Code § 23301,

> the corporate powers, rights and privileges of a domestic tax payer, may be suspended, and the exercise of the corporate powers, rights and privileges of a foreign taxpayer in this state may be forfeited if any of the following conditions occur: (a) If any tax, penalty or interest, or any portion thereof, which is due and payable . . . is not paid . . . or (b) If any tax, penalty or interest, or any portion thereof, due and payable upon notice and demand from the Franchise Tax Board, or due and payable under Section 25936 is not paid . . . .

"It is well-settled that a delinquent corporation may not bring suit and may not defend a legal action." United States v. 2.61 Acres of Land, 791 F.2d 666, 668 (9th Cir. 1985) (citing Reed v. Norman, 48 Cal. 2d 338, 343 (1957)). "However, once the corporate powers are reinstated, the

---

[1] Leonardo Espinoza and Sergio Roque ("Plaintiffs") did not file an opposition to this motion.

corporation may defend an action." Id. (citing Traub Co. v. Coffee Break Service, Inc., 66 Cal. 2d 368, 371 (1967).

Until a suspended corporation has been revived, it may appear before a court for the limited purpose of requesting a continuance to enable its revival. Schwartz v. Magyar House, Inc., 168 Cal. App. 2d 182, 188 (1959). In deciding whether to grant such a continuance a court may consider (1) the moving party's diligence; (2) the usefulness of the continuance in allowing the moving party to revive itself; (3) the inconvenience of a continuance to the court and the parties; and (4) the prejudice to either party of granting a continuance. See 2.61 Acres, 791 F.2d at 671-72.

C&C's corporate status was suspended under Cal. Rev. & Tax. Code § 23301 because it failed to provide a current Statement of Information and has a "tax issue" with California's Franchise Tax Board. (Declaration of Frank Russow in Support of Defendant C&C Security Patrol, Inc's Motion for Order for Leave to File Answer ¶ 2, Docket Item No. 16-2.) Accordingly, C&C is unable to file an Answer to Plaintiff's First Amended Complaint.

The Court finds the potential prejudice to C&C to be the critical factor. If leave for C&C to file its Answer at a later date is not granted, C&C will be unable to take action to prevent default proceedings in this matter. In light of the fact that C&C filed its intended Answer with the Court along with this motion, the Court finds that Plaintiffs will not be substantially prejudiced by further delay in receiving C&C's pleading.

Accordingly, the Court GRANTS C&C's Motion for Leave to File Answer. C&C shall file its Answer on the earlier of (10) ten days following revival of its corporate status; or (2) **November 25, 2008**.

Dated: October 2, 2008

JAMES WARE
United States District Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Adam Wang waqw@sbcglobal.net
Mark A. Hagopian mhagopian@sh-law.net
Sejal Ojha sxo@mmker.com

**Dated:  October 2, 2008**               **Richard W. Wieking, Clerk**

                                          **By:      /s/ JW Chambers**
                                                **Elizabeth Garcia**
                                                **Courtroom Deputy**