**United States District Court**
For the Northern District of California

***E-FILED 5/5/2009***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LEONARDO ESPINOZA and SERGIO ROQUE, individually and on behalf of other similarly situated,<br><br>    Plaintiffs,<br>  v.<br><br>C&C SECURITY PATROL, INC., HERMENEGILDO COUOH, MARCEL LOPEZ, GILBERT MARTINEZ,<br><br>    Defendants.<br>_____/ | No. C08-01522 JW (HRL)<br><br>**ORDER (1) GRANTING DEFENDANT COUOH'S MOTIONS TO COMPEL; AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANT COUOH'S MOTIONS FOR SANCTIONS**<br><br>[Re: Docket Nos. 25, 29, 32, 35] |

This is a putative class action for alleged wage and hour violations. Before this court is defendant Couoh's motions to compel each of the plaintiffs to answer interrogatories. Couoh also moves for payment of $5,050 in attorneys' fees and costs incurred in bringing the instant motions. Plaintiffs took no action in response to these motions, except to file a belated and inchoate one-page objection on the eve of the motion hearing and to appear for oral argument. Upon consideration of the moving papers, as well as the arguments of counsel, this court grants the motions to compel. Couoh's motions for payment of his fees and costs are granted in part.

Couoh served interrogatories on each plaintiff in November 2008. Plaintiffs' respective answers were due in December 2008. Plaintiffs have yet to serve their answers. They claim that they never received these interrogatories or defense counsel's January 6, 2009 meet-and-

1   confer letter because their attorney moved his office from one suite to another in the same
2   building. However, at the motion hearing, plaintiff's counsel acknowledged that he received
3   the interrogatories in question when defendant filed the instant discovery motions on February
4   27, 2009. Plaintiffs nonetheless failed to do anything about the interrogatories or the motions.
5   This court finds that the interrogatories in question seek relevant information and that there was
6   no good cause for plaintiffs' failure to respond. Accordingly, defendant Couoh's motions to
7   compel are granted. All objections to the interrogatories have been waived. FED.R.CIV.P.
8   33(b)(4) ("Any ground not stated in a timely objection is waived, unless the court, for good
9   cause, excuses the failure."); Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468,
10  1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within
11  the time required constitutes a waiver of any objection.") (citing Davis v. Fendler, 650 F.2d
12  1154, 1160 (9th Cir. 1981)). Plaintiffs' respective interrogatory answers shall be served
13  forthwith, and in any event, no later than **May 9, 2009** – the date they represent to the court that
14  their answers will be ready.

15      Defendant Couoh's motions for fees and costs is granted in part. It is true that the
16  court's Civil Local Rules require more than sending written correspondence to satisfy "meet
17  and confer" obligations. See Civ. L.R. 1-5(n). Nevertheless, as noted above, plaintiffs' counsel
18  admittedly failed to take any action with respect to the subject interrogatories or the instant
19  motions even after he had notice of them on February 27, 2009. Nor did he have a satisfactory
20  explanation as to the failure to respond. Accordingly, plaintiffs' counsel shall pay $1200 for
21  defendant Couoh's attorneys' fees and costs incurred. See FED.R.CIV.P. 37(d)(3). Payment
22  shall be made to defendant Couoh no later than **May 15, 2009**.

23      SO ORDERED.
24  Dated:   May 5, 2009

    _____
    HOWARD R. LLOYD
    UNITED STATES MAGISTRATE JUDGE

2

1  **5:08-cv-1522 Notice has been electronically mailed to:**

2  Adam Wang adamqwang@gmail.com, alpedersen@gmail.com, rosilenda@gmail.com

3  Mark A. Hagopian mhagopian@mmker.com

4  Sejal Ojha sxo@mmker.com

5  **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.