*E-FILED 12-14-2009*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LEONARDO ESPINOZA and SERGIO ROQUE,<br><br>           Plaintiffs,<br>  v.<br><br>C&C SECURITY PATROL, INC. HERMENEGILDO COUGH, MARCEL LOPEZ, GILBERT MARTINEZ,<br><br>           Defendants. | No. C08-01522 JW (HRL)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PLAINTIFFS' DEPOSITIONS**<br><br>**[Docket No. 63]** |

Plaintiffs sue for alleged wage and hour violations under federal and state law. Presently before this court is defendants' motion to compel plaintiffs to appear for their depositions. Plaintiffs oppose the motion.[1] Pursuant to this court's November 19, 2009 order (Docket No. 70), the matter was deemed submitted without oral argument. See Civ. L.R. 7-1(b). Upon consideration of the moving and responding papers, this court grants the motion as follows:

Plaintiff Espinoza reportedly is incarcerated in Florida. "The deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes." Williams v. Greenlee, 210 F.R.D. 577, 578 (N.D. Tex. 2002); FED. R. CIV. P. 30(a)(2)(B).

---

[1] Plaintiffs belatedly filed their opposition papers in contravention of this court's November 19, 2009 order, without any explanation for the delay. This court has accepted and considered the belated filing, but it does not condone plaintiffs' failure to adhere to the orders of this court and warns against future non-compliance.

1  Additionally, upon a showing of "good cause," Fed. R. Civ. P. 26(c) authorizes courts to
2  "protect a party or person from annoyance, embarrassment, oppression, or undue burden or
3  expense" in discovery by "prescribing a discovery method other than the one selected by the
4  party seeking discovery." FED. R. CIV. P. 26(c)(1)(C).  The party seeking an order limiting the
5  manner, terms, or method of discovery has the burden of showing that such relief is warranted
6  under Fed. R. Civ. P. 26(c).  Here, plaintiffs offer no explanation why defendants should be
7  precluded from deposing Espinoza in person.  Accordingly, defendants' motion as to Espinoza
8  is granted.  Pursuant to Fed. R. Civ. P. 30(a)(2)(B), defendants are given leave to depose
9  Espinoza in person, subject to the relevant policies and procedures of the penal institution.  The
10 deposition shall take place on a date mutually agreeable to the parties and which is acceptable to
11 the personnel of the subject penal institution.  The deposition shall, in any event, be completed
12 within thirty days from the date of this order.  The parties shall cooperate with one another in
13 making all necessary arrangements with prison officials.  Each party shall bear its own fees and
14 costs incurred in connection with the examination.

15    As for plaintiff Roque, defendants' motion is granted.  However, defendants shall
16 reimburse Roque for the one day's wages he says he lost in connection with the original
17 October 19, 2009 deposition date, which had to be re-set at defense counsel's request.  The
18 deposition shall be completed within thirty days from the date of this order on mutually
19 agreeable date(s).

20    SO ORDERED.
21 Dated:   December 14, 2009

                                         HOWARD R. LLOYD
                                         UNITED STATES MAGISTRATE JUDGE

2

1  5:08-cv-01522-JW Notice has been electronically mailed to:

2  Adam Wang adamqwang@gmail.com, alpedersen@gmail.com, rosilenda@gmail.com

3  Mark A. Hagopian mhagopian@mmker.com

4  Sejal Thakkar sxt@mmker.com

5  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.